CORN PRODUCTS REFINING COMPANY, Plaintiff, v. SKEFFINGTON S. NORTON and Others, Defendants.

WESTERN ELECTRIC COMPANY, Plaintiff, v. SKEFFINGTON S. NORTON and Others, Defendants.

Municipal Court of New York, Borough of Manhattan, First District, October 15, 1929.

*Harry D. Thirkield,* for the plaintiffs.

*Kirlin, Woolsey, Campbell, Hickox & Keating,* for the defendants.

MARKS, Official Referee. The defendants received merchandise in good condition from the plaintiffs in New York for shipment to San Francisco by the steamship *Pacific.* The merchandise was delivered in San Francisco in damaged condition, and the plaintiffs claim that their loss occurred by reason of the negligence of the defendants as common carriers.

The defendants plead a special contract and limitation of liability, in that the bills of lading provide, among other exceptions and exemptions of the carrier's liability, that they should not be liable for loss or damage arising from perils or accidents of the sea or breakage or leakage.

It is not disputed that during the voyage the vessel encountered severe storms with heavy seas which went over the vessel, causing it to roll and pitch heavily and parts of the appurtenances or fixtures of the vessel to break away, and making it necessary for the vessel to heave to in order to remedy and repair the damage. When the weather moderated and the hatches were opened, it was found, according to the testimony of the chief officer of the vessel, that a number of reels of cable or steel wire, each reel weighing many tons, had broken loose from their fastenings; that one of these reels, weighing ten tons, had slackened up in the lashings, and, going across the hatch, rolled up the hatches and into the lower hold, landing upon or during its course striking merchandise of the plaintiffs, thus damaging it.

Under the general maritime law it is the duty of the carrier affirmatively to show that the damage arose from an excepted peril, and, if the matter remains doubtful, he is not excused. This is true whether the doubt exist as to the nature of the injurious occurrence or the sufficiency of the cause assigned. (*The Rosalia,* [C. C. A.] 264 Fed. 285, 288, cited and approved in *Littlejohn & Co., Inc.,* v. *Ellerman & B. S. S. Co., Ltd.,* 135 Misc. 237.)

The exception in the bill of lading that the defendants should not be held liable for damage arising from " peril of the sea " is not available to them, for the reason that not only is there doubt that the damage to the vessel and its cargo was due to that excepted peril, but there is evidence tending to show, and I find as a fact, that the weather at that season of the year, at the place where the storms were encountered, was nothing unusual, and, therefore, it cannot be said that the damage arose from a " peril of the sea " within the meaning of the terms of the bills of lading.

But the question remains that, as the damage resulted from breakage and leakage, are the defendants exempted from liability under the terms of the contract of carriage which provides that they shall not be liable for damage arising from those causes.

A carrier cannot use these exceptions to escape the obligation on its part, involved in the contract of carriage, to use due care and skill in properly stowing the goods, so that they will not be damaged while navigating the vessel through the ordinary risks of navigation, such as the rolling of the ship in the usual weather or storms that may be expected on the voyage. (*Liverpool & G. W. S. Co.* v. *Phenix Ins. Co.*, 129 U. S. 397, 438; 9 S. Ct. 469; 32 L. Ed. 788.)

Negligence, however, cannot be presumed from the fact that the goods were damaged by breakage or leakage, but the burden is upon the plaintiffs to show that the damage from these causes was due to the negligence of the carrier, its servants or employees. When this burden has been sustained and negligence on the part of the carrier established, the operation of the exception in the bill of lading is defeated. (*The Victory & The Flymothian*, 168 U. S. 410, 423; 18 S. Ct. 149; 42 L. Ed. 519; *Cau* v. *Texas & P. R. Co.*, 194 U. S. 427; 24 S. Ct. 663; 48 L. Ed. 1053; Harter Act, Feb. 13, 1893 [27 U. S. Stat. at Large, 445, 446; 46 U. S. C. A. §§ 190, 195].)

Bad storage is negligence. (*The Arpillao*, [C. C. A.] 270 Fed. 426; *The Matilde Peirce*, [C. C. A.] 32 F. [2d] 688.)

Opinions have been expressed by witnesses as to the proper manner of stowing reels of this kind and as to whether the manner in which they were stowed and claimed to have been fastened was a careful and proper method.

A careful consideration of the evidence upon these subjects has led me to the conclusion that the carriers were negligent in respect to the stowing of the reels, some of which weighed from ten to fifteen tons. Their very weight and the fact that they were large spools or reels of wire, and in stowing them they were standing on the edge of the ridges of the reel or spool and were not stowed on the flat ends of the reels, and, therefore, more likely to move and roll during the rolling or pitching of the vessel, should have prompted the carriers in the exercise of due care to stow them properly and securely fasten or lash them so that standing on the edge of the ridges of the spools they would not break loose or move or slacken up in their lashings and thus be tossed about in storms or weather that was not unusual on a voyage at that season of the year. This they failed to do.

The plaintiffs also are entitled to interest upon the amount of their loss.

Judgment for plaintiff Corn Products Company for $402.89, with interest from December 24, 1925, amounting to $92.04, total $494.93, and judgment for the plaintiff Western Electric Company for $83.79, with interest from December 24, 1925, amounting to $18.93, total $102.72. The clerk of the court will enter judgment accordingly.